UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. MILNER,<br>REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON (minor),<br>PRESTON E. JOHNSON (minor),<br>TREVOR A. JOHNSON (minor), and<br>COLBEY J. JOHNSON (minor); and<br>REBECCA L. GUSHLAW, and<br>JUDITH GUSHLAW, as Co-Administrators of the Estate of ELDRICK L. JOHNSON,<br><br>Defendants. | CIVIL ACTION NO. 07-126 ML |

**THE STANDARD FIRE INSURANCE COMPANY'S**
**PRE-TRIAL CONFERENCE STATEMENT**

## I. FACTS

The Standard Fire Insurance Company issued a homeowner's policy to defendant William J. Milner, and this declaratory judgment action pertains to that homeowner’s policy. The underlying tort action giving rise to the claims in connection with this homeowner's policy involves a fatal automobile accident between William J. Milner's son Matthew Milner (dob: 1-28-85) and Eldrick Johnson.

On August 13, 2005, Matthew J. Milner and Eldrick Johnson were involved in an automobile accident that occurred on Route 102 in Scituate, Rhode Island. Matthew Milner was driving an automobile that his father, William Milner, owned, and that car was insured through Allstate Insurance Company. Matthew Milner was driving that car with permission of his father,

William Milner. As a result of the collision between Matthew Milner and Eldrick Johnson, both were killed. The Estate of Eldrick Johnson and his children then instituted the underlying lawsuit in Providence County Superior Court, naming as defendants William J. Milner and Allstate Insurance Company. Additionally, a claim was made against William J. Milner's homeowner's insurance policy, and The Standard Fire Insurance Company denied coverage for this incident under that policy. This declaratory judgment action was then instituted.

## II. THE HOMEOWNER’S INSURANCE POLICY

The Standard Fire Insurance Company provided a homeowner's policy to William J. Milner. That homeowner’s policy, HO-3 (06-91) under **Section II - Exclusions**, provides in pertinent part:

> **1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:**
>
> * * *
>
> **f. Arising out of :**
>
> **(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to any insured;**
>
> **(2) the entrustment by any insured of a motor vehicle or any other motorized land conveyance to any person; or**
>
> **(3) vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.**

The claims of the Estate of Eldrick Johnson and the other plaintiffs in the underlying action clearly arise out of the ownership, maintenance, or use of a motor vehicle. Further, this homeowner's policy explicitly excludes coverage for claims arising out of the negligent

entrustment of a motor vehicle, as well as vicarious liability for the actions of a child using a motor vehicle. Similarly, coverage is excluded for any allegations of negligent supervision. Accordingly, The Standard Fire Insurance Company has neither the duty to defend nor indemnify William J. Milner in connection with the underlying tort action.

## III. LEGAL ISSUES

None, other than the interpretation of the applicable homeowner's insurance policy that was issued to William J. Milner.

Respectfully submitted,
THE STANDARD FIRE INSURANCE COMPANY,
By its attorneys,

/ s / Paul Sullivan

______________________________

Paul Sullivan, # 5712
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903
e-mail: pvsullivan@morrisonmahoney.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the Unite States District Court for its distribution to all counsel of record, this 24th day of July, 2007.

/ s / Paul Sullivan

______________________________

Paul V. Sullivan