UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, Plaintiff, v. WILLIAM J. MILNER, REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON, PRESTON E. JOHNSON, TREVOR A. JOHNSON, and COLBEY J. JOHNSON (minors); and REBECCA L. GUSHLAW and JUDITH GUSHLAW, as Co-Administrators of the Estate of ELDRICK L. JOHNSON, Defendants. | CIVIL ACTION NO. 07-126 ML |

**THE STANDARD FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff The Standard Fire Insurance Company moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of this motion, plaintiff Standard Fire states that defendant William Milner was insured with The Standard Fire Insurance Company under Homeowners Policy # 947388690 633 1, which contains exclusions for bodily injury arising out of the ownership, maintenance or use of a motor vehicle owned or operated by any insured; for bodily injury arising out of the alleged negligent entrustment by any insured of a motor vehicle; and for any alleged vicarious liability for the actions of a child or minor using a motor vehicle. In an underlying, second amended complaint, the Gushlaws sued William Milner in Providence County Superior Court, alleging injury due to a fatal automobile accident that William Milner's adult son, Matthew Milner, was involved in while operating an automobile that William Milner owned. The Standard Fire Insurance Company's Homeowners Policy #

947388690 633 1 (form HO-3(06-91)) expressly excludes coverage for the incidents and injuries alleged in the underlying second amended complaint.

Wherefore, Defendant Standard Fire requests this court grant summary judgment on its behalf in this matter, and declare that The Standard Fire Insurance Company, under Homeowners Policy # 947388690 633 1:

(1) owes no duty of defense or indemnification to William Milner for the claims of the Gushlaws in their underlying second amended complaint;

(2) there is no coverage for the claims of the Gushlaws under the referenced Standard Fire homeowners policy;

(3) Standard Fire, in denying coverage for the Gushlaws claims, has not breached its contract with William Milner; and,

(4) any other relief the court deems necessary to terminate this declaratory judgment action in plaintiff Standard Fire's favor, as Standard Fire has correctly denied coverage in this matter.

THE STANDARD FIRE INSURANCE COMPANY,
By its attorneys,

/ s / Paul Sullivan

Paul Sullivan, # 5712
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903
Tel: 401-331-4660
e-mail: pvsullivan@morrisonmahoney.com

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record, this 15th day of November, 2007.

/ s / Paul Sullivan

Paul V. Sullivan