# EXHIBIT 1:
# Gushlaw's second amended complaint

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON, PRESTON E. JOHNSON, TREVOR A. JOHNSON and COLBEY J. JOHNSON, Minors; REBECCA L. GUSHLAW and JUDITH GUSHLAW, as Co-Administrators of the Estate of ELDRICK L. JOHNSON

-vs.-

C.A. NO.: PC05-4468

WILLIAM J. MILNER; ALLSTATE INSURANCE COMPANY; and JOHN DOE

## SECOND AMENDED COMPLAINT

## PARTIES AND JURISDICTION

1. Plaintiff Rebecca L. Gushlaw is a resident of the Village of Bradford, in the Town of Westerly, in the State of Rhode Island. Plaintiff Rebecca L. Gushlaw is the widow of Eldrick L. Johnson, who died on August 13, 2005.

2. Plaintiff Rebecca L. Gushlaw is the natural parent, next friend and legal guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson, the minor children of the decedent, Eldrick L. Johnson.

3. Plaintiff Judith Gushlaw is the natural parent of Plaintiff Rebecca L. Gushlaw and grandmother of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson, the minor children of the decedent, Eldrick L. Johnson.

4. Plaintiff Rebecca L. Gushlaw brings this action individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A.

Johnson and Colbey J. Johnson, minors, pursuant to the provisions of R.I. Gen. Laws §10-7-1, et. seq., as amended.

5. As well, Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, having been duly appointed as the Co-Administrators of the Estate of Eldrick L. Johnson by the Probate Court in Westerly, Rhode Island (Estate No. 05-162), bring this action pursuant to the provisions of R.I. Gen. Laws §10-7-1, et. seq., as amended.

6. Defendant William J. Milner, upon information and belief, is a resident of the Village of Greenville, in the Town of Smithfield, in the State of Rhode Island, and is the father of Matthew J. Milner, who was also a resident of the Village of Greenville, in the Town of Smithfield, in the State of Rhode Island, and who died on or about August 13, 2005.

7. Defendant Allstate Insurance Company is a business corporation organized and existing under the laws of the State of Illinois. At all relevant times Defendant Allstate Insurance Company was qualified to do business in the State of Rhode Island, was in fact doing business in the State of Rhode Island and has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this Court. At all relevant times, Defendant Allstate Insurance Company was the liability insurer for the vehicle operated by decedent Matthew J. Milner and owned by Defendant William J. Milner in this subject matter motor vehicle accident. Defendant Allstate Insurance Company is named as a Defendant in this action pursuant to the provisions of R.I. Gen. Laws §27-7-2.

8. Upon information and belief, Defendant John Doe is a resident of the State of Rhode Island.

9. The amount in controversy, exclusive of interest and costs, is sufficient to establish the jurisdiction of this Honorable Court.

## COUNT I

## NEGLIGENCE OF MATTHEW J. MILNER AND WILLIAM J. MILNER

1. On or about August 13, 2005, Plaintiff's decedent, Eldrick L. Johnson, was operating a motor vehicle he owned in a northerly direction on Route 102 in the Towns of Glocester and Scituate, in the State of Rhode Island.

2. At all relevant times herein mentioned, Route 102 in the Towns of Scituate and Glocester, in the State of Rhode Island was a public road.

3. At all relevant times herein mentioned, Plaintiff's decedent, Eldrick L. Johnson, was in the exercise of due and reasonable care in the operation of his motor vehicle for his own safety and for the safety of others using the public highways.

4. At all relevant times herein mentioned and at the aforementioned time and place, decedent Matthew J. Milner was operating a motor vehicle owned by his father, Defendant William J. Milner, in a southerly direction on Route 102 in the Towns of Glocester and Scituate, in the State of Rhode Island.

5. At all relevant times herein mentioned and at the aforementioned time and place, the motor vehicle being operated by decedent Matthew J. Milner and owned by Defendant William J. Milner was insured through Allstate Insurance Company.

6. At all relevant times herein mentioned and at the aforementioned time and place, decedent Matthew J. Milner had the permission and consent of his father, Defendant William J. Milner, to operate said motor vehicle.

7. At the aforementioned time and place, and at all relevant times herein mentioned, decedent Matthew J. Milner owed a duty to all persons using the public highways, including Plaintiff's decedent, Eldrick L. Johnson, to exercise due and reasonable care in the operation of the motor vehicle he was driving.

8. At the aforementioned time and place, and at all relevant times herein mentioned, decedent Matthew J. Milner breached the duty owed by operating said motor vehicle in a negligent and careless manner.

9. As a direct and proximate result of the negligent and careless manner in which decedent Matthew J. Milner was operating said motor vehicle, the vehicle he was operating was caused to collide with the motor vehicle operated by Plaintiff's decedent, Eldrick L. Johnson.

10. As a direct and proximate result of the negligence of decedent Matthew J. Milner, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately caused his death on August 13, 2005.

11. As a direct and proximate cause of the aforementioned negligence, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, amended.

12. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

13. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

14. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson, have suffered and will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against Defendants William J. Milner and Allstate Insurance Company and its agents, servants and employees for compensatory damages, plus interest and costs.

## COUNT II

## NEGLIGENCE OF WILLIAM J. MILNER

1. Paragraphs 1 through 10 of Count I are hereby incorporated by reference as if set forth at length herein.

2. At all relevant times herein, decedent Matthew J. Milner was operating the subject matter motor vehicle owned by his father, Defendant William J. Milner, with the knowledge, permission and consent of Defendant William J. Milner.

3. The motor vehicle being operated by decedent Matthew J. Milner and owned by Defendant William J. Milner was insured through Allstate Insurance Company.

4. At all relevant time herein mentioned, Defendant William J. Milner owed a duty to the general public, including Plaintiff's decedent, Eldrick L. Johnson, to use due care in selecting persons to entrust and operate a motor vehicle he owned.

5. At all relevant times herein mentioned, Defendant William J. Milner breached the duty owed by negligently entrusting his subject matter motor vehicle to decedent Matthew J. Milner.

6. At all relevant times herein mentioned, Defendant William J. Milner negligently permitted and consented to decedent Matthew J. Milner operating the motor vehicle he owned.

7. At all relevant times herein mentioned, Defendant William J. Milner further breached the duty owed and is vicariously liable for the negligent acts as aforementioned of his son, Matthew J. Milner.

8. At all relevant times herein mentioned, decedent Matthew J. Milner operated the vehicle owned by Defendant William J. Milner in a negligent and careless manner causing said vehicle to collide with the motor vehicle operated by Plaintiff's decedent, Eldrick L. Johnson.

9. As a direct and proximate result of the negligent and careless manner in which decedent Matthew J. Milner was operating said motor vehicle, the vehicle he was

operating was caused to collide with the motor vehicle operated by Plaintiff's decedent, Eldrick L. Johnson.

10. As a direct and proximate result of the negligence of Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately caused his death on August 13, 2005.

11. As a direct and proximate cause of the aforementioned negligence, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, amended.

12. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

13. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

14. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson, have suffered and will in the future suffer a loss of parental society, affection, love, and companionship of their

deceased father, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against Defendants William J. Milner and Allstate Insurance Company and its agents, servants and employees for compensatory damages, plus interest and costs.

**COUNT III**

**NEGLIGENCE OF WILLIAM J. MILNER**

1. The allegations set forth in Paragraphs 1 through 10 of Count I are incorporated by reference herein as if set forth in their entirety.

2. The allegations set forth in Paragraphs 1 through 10 of Count II are incorporated by reference herein as if set forth in their entirety.

3. At all relevant times mentioned herein, decedent Matthew J. Milner was operating the subject matter motor vehicle owned by Defendant William J. Milner and/or was a vehicle of the Milner household, with the knowledge, permission and consent of Defendant William J. Milner.

4. At all relevant times herein mentioned, Defendant William J. Milner owed a duty to the general public, including Eldrick L. Johnson, to use due care in permitting and allowing persons to operate the motor vehicle he owned, and/or which was a vehicle of his household.

5. At all relevant times herein mentioned, Defendant William J. Milner owed a duty to the general public, including Eldrick L. Johnson, to use due care in allowing the vehicle he owned and/or which was a vehicle of his household to be available and accessible to decedent Matthew J. Milner.

6. At all relevant times herein mentioned, Defendant William J. Milner breached the duties owed by negligently permitting the subject matter motor vehicle to be operated by decedent Matthew J. Milner.

7. At all relevant times herein mentioned, Defendant William J. Milner negligently permitted and consented to decedent Matthew J. Milner operating the motor vehicle he owned and/or which was of his household.

8. At all relevant times herein mentioned, Defendant William J. Milner further breached the duty owed and is vicariously liable for the negligent acts as aforementioned of his son, Matthew J. Milner.

9. At all relevant times herein mentioned, Defendant William J. Milner further breached the duty owed by negligently allowing the motor vehicle he owned and/or which was of his household to be available and accessible for use by decedent Matthew J. Milner.

10. At all relevant times mentioned herein, Defendant William J. Milner further owned a duty to the general public, including Eldrick L. Johnson, to use due care in the supervision of and activities of his children, including decedent Matthew J. Milner, a minor.

11. At all relevant times herein mentioned, Defendant William J. Milner breached the duty owed by negligently supervising his son, Matthew J. Milner, a minor, thereby allowing and/or permitting the subject matter motor vehicle to be operated by Matthew J. Milner.

12. Upon information, at all relevant times herein mentioned, minor Matthew J. Milner operated the subject matter motor in a negligent and careless manner and at a high rate of speed thereby causing his vehicle to collide with Eldrick L. Johnson's motor vehicle.

13. As a direct and proximate result of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately caused his death on August 13, 2005.

14. As a direct and proximate cause of the aforementioned negligence, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, amended.

15. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

16. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

17. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson, have suffered and

will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

18. As a direct and proximate result of the negligence of Defendant William J. Milner, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, have suffered and will in the future suffer a loss of society and companionship caused by the death of Eldrick L. Johnson, and they claim damages for compensatory damages, plus interest and costs.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against Defendant William J. Milner for compensatory damages, plus interest and costs.

## COUNT IV

## CLAIM AGAINST ALLSTATE INSURANCE COMPANY

1. The allegations set forth in Paragraphs 1 through 10 of Count I are incorporated by reference herein as if set forth in their entirety.

2. The allegations set forth in Paragraphs 1 through 10 of Count II are incorporated by reference herein as if set forth in their entirety.

3. The allegations set forth in Paragraphs 1 through 13 of Count III are incorporated by reference herein as if set forth in their entirety.

4. As a direct and proximate result of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately caused his death on August 13, 2005.

5. As a direct and proximate cause of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, as amended.

6. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

7. As a direct and proximate cause of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

8. As a direct and proximate cause of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson have suffered and will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L.

Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against Defendant Allstate Insurance Company and its agents, servants and employees for compensatory damages, plus interest and costs.

**COUNT V**

**NEGLIGENCE OF JOHN DOE**

1. The allegations set forth in Paragraphs 1 through 10 of Count I are incorporated by reference herein as if set forth in their entirety.

2. The allegations set forth in Paragraphs 1 through 10 of Count II are incorporated by reference herein as if set forth in their entirety.

3. The allegations set forth in Paragraphs 1 through 13 of Count III are incorporated by reference herein as if set forth in their entirety.

4. The allegations set forth in Paragraphs 1 through 4 of Count IV are incorporated by reference herein as if set forth in their entirety.

5. On or about August 13, 2005, Plaintiff's decedent, Eldrick L. Johnson, was operating a motor vehicle he owned in a northerly direction on Route 102 in the Towns of Glocester and Scituate, in the State of Rhode Island.

6. At all relevant times herein mentioned, Route 102 in the Towns of Scituate and Glocester, in the State of Rhode Island was a public road.

7. At all relevant times herein mentioned, Plaintiff's decedent, Eldrick L. Johnson, was in the exercise of due and reasonable care in the operation of his motor vehicle for his own safety and for the safety of others using the public highways.

8. At all relevant times mentioned, and at the aforementioned time and place, Defendant John Doe was operating a motor vehicle on Route 102 in the Towns of Scituate and Glocester, in the State of Rhode Island.

9. At the aforementioned time and place, and at all relevant times herein mentioned, Defendant John Doe owed a duty to all persons using the public highways, including Plaintiff's decedent, Eldrick L. Johnson, to exercise due and reasonable care in the operation of the motor vehicle he was driving.

10. At the aforementioned time and place, and at all relevant times herein mentioned, Defendant John Doe breached the duty owed by operating said motor vehicle in a negligent and careless manner.

11. As a direct and proximate result of the negligence of Defendant John Doe, the vehicle decedent Matthew J. Milner was operating was caused to collide with the motor vehicle operated by Plaintiff's decedent, Eldrick L. Johnson.

12. As a direct and proximate result of the negligence of Defendant John Doe, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately died on August 13, 2005.

13. As a direct and proximate cause of the negligence of decedent Matthew J. Milner, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and

suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, as amended.

14. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

15. As a direct and proximate cause of the negligence of Defendant John Doe, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

16. As a direct and proximate cause of the negligence of Defendant John Doe, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson have suffered and will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against the Defendant John Doe for compensatory damages, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury and designate Donna M. Di Donato as trial counsel.

REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON, PRESTON E. JOHNSON, TREVOR A. JOHNSON, and COLBEY J. JOHNSON, minors; REBECCA L. GUSHLAW and JUDITH GUSHLAW, as Co-Administrators of the Estate of Eldrick L. Johnson

By their Attorneys

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Tel. (401) 272-1110
Fax (401) 351-6641

D. M. Di Donato

Donna M. Di Donato Bar #3078

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was sent via regular mail, postage prepaid, from the law offices of Decof & Decof, P.C., One Smith Hill, Providence, RI 02903, to **Peter A. Clarkin, Esq.**, McKenney, Quigley, Izzo & Clarkin, 95 Chestnut Street, Sixth Floor, Providence, Rhode Island 02903, on this 2nd day of March, 2007.

D Salibute

Gushlaw P044