# EXHIBIT 2:
# Coverage Denial Letter

TRAVELERS

**Brian M. Dias, Esq.**

Senior Technical Specialist
Travelers
44 Bedford Street- P.O. Box 111
Middleboro, MA 02344

(508) 946-6469
(877) 786-5584 (fax)

**Email: bdias@travelers.com**

April 6, 2007

William J. Milner
4 Chiswick Road
Greenville, RI 02828

Peter A. Clarkin, Esq.
McKenney, Quigley, Izzo & Clarkin, LLP
10 Chestnut Street
Providence, RI 02903

Re: Policyholder: William J. & Linda K. Milner
Claimant: Rebecca Gushlaw
DOL: 8/13/2005
File No.: SUN4899
Policy No.: 947388690 633
Policy Effective Dates: 8/4/05-8/4/06

Dear Gentlemen:

This letter shall acknowledge receipt of the Second Amended Complaint and shall advise you of The Standard Fire Insurance Company's (hereinafter Standard Fire) position regarding Standard Fire's obligation to William J. Milner pursuant to the homeowner's policy listed above.

This declination of coverage letter follows a careful review of this matter based on the coverage that is available and the facts as they are currently known.

It is our understanding that on August 13, 2005 William J. Milner allowed Matthew J. Milner to operate an automobile owned by William J. Milner. Matthew J. Milner was operating the automobile when he struck a vehicle operated by Eldrick L. Johnson. As a result of the injuries sustained in the collision, both Matthew J. Milner and Eldrick L. Johnson died.

The Second Amended Complaint contains five Counts. The first Count alleges negligence against Matthew J. Milner and William J. Milner in that Matthew J. Milner negligently operated an automobile owned by William J. Milner. The second Count alleges negligence against William J. Milner in that he negligently entrusted his automobile to Matthew J. Milner and that William J. Milner is vicariously liable for the negligent acts of Matthew J. Milner. The third Count alleges negligence against William J. Milner in that he negligently permitted the automobile to be operated by Matthew J. Milner and negligently allowed the automobile to be

available and accessible for use by Matthew J. Milner. The fourth Count alleges claims against Allstate Insurance Company. The fifth and final Count alleges negligence against John Doe.

At this time we refer you to your HO-3 (06-91) Homeowners Policy issued by The Standard Fire Insurance Company, Section II-Liability Coverages, as amended by the Special Provisions-Rhode Island endorsement (HA-300 RI (10-04)) which provides in part:

> **If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, even if the claim or suit is false, we will:**
>
> **a. Pay up to our limit of liability for the damages for which our insured is legally liable; and**
>
> **b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.**

Section II-Exclusions, provides in pertinent part:

> **1. Coverage E- Personal Liability and Coverage F- Medical Payments to Others do not apply to bodily injury or property damage:**
>
> **f. arising out of:**
> **(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to any insured;**
> **(2) the entrustment by any insured of a motor vehicle or any other motorized land conveyance to any person; or**
> **(3) vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.**

After carefully reviewing the allegations as set forth in the Second Amended Complaint in conjunction with the policy language, it is our position that the aforementioned policy expressly exclude's coverage for claims for bodily injury arising out of the ownership, maintenance or use of a motor vehicle. Additionally, the policy also expressly excludes coverage for claims arising out of the negligent entrustment of a motor vehicle as well as vicarious liability for the actions of a child using a motor vehicle.

We have filed a Declaratory Judgment Action in the United States District Court for the District of Rhode Island, seeking a declaration from the court that Standard Fire has neither the duty to defend nor indemnify Mr. Milner in connection with the above referenced litigation. We herby

request that Attorney Clarkin accept service on behalf of William J. Milner. Kindly advise as to your position with regard to this request.

Standard Fire does not waive any other applicable terms and conditions of this insurance contract that may be or become applicable in this matter.

Sincerely,

Brian M. Dias, Esq.
Senior Technical Specialist
The Standard Fire Insurance Company

Cc: John Graceffa, Esq.
Cc: Wentworth-DeAngelis Insurance