UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE STANDARD FIRE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>WILLIAM J. MILNER, REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON, PRESTON E. JOHNSON, TREVOR A. JOHNSON, and COLBEY J. JOHNSON (minors); and REBECCA L. GUSHLAW and JUDITH GUSHLAW, as Co-Administrators of the Estate of ELDRICK L. JOHNSON,<br>Defendants. | ) | CIVIL ACTION NO. 07-126 ML |

**<u>THE STANDARD FIRE INSURANCE COMPANY'S</u>**
**<u>STATEMENT OF UNDISPUTED FACT</u>**

Plaintiff The Standard Fire Insurance Company (Standard Fire), pursuant to Local Rule 56(a)(1) states the following as undisputed facts in support of its motion for summary judgment:

1. Standard Fire homeowners policy # 947388690 633 1 had effective dates of 8/4/2005 to 8/4/2006. Exhibit 3 (policy 947388690 633 1).

2. Standard Fire homeowners policy # 947388690 633 1 includes form HA-300 (RI 10-04), titled "Special Provisions – Rhode Island." That form is five pages in length, and does not change or amend any of the definitions or exclusions that are at issue in this declaratory judgment action. Exhibit 4 (form HA-300 (RI 10-04)).

3. Standard Fire homeowners policy # 947388690 633 1 contains an exclusion for bodily injury arising out of the ownership, maintenance, use, loading, or unloading of motor vehicles owned or operated by any insured. Exhibit 3 (form HO-3 (06-91), Section II-Exclusions, 1. f.(1)).

4. Standard Fire homeowners policy # 947388690 633 1 defines "insured" as including relatives who are residents of your household. Exhibit 3 (form HO-3 (06-91), p. 1, Definitions).

5. Standard Fire homeowners policy # 947388690 633 1 is a homeowners policy with named insureds as "William J. & Linda K. Milner." Exhibit 3.

6. Matthew Milner is William Milner's son, and Matthew died in the automobile accident with Eldrick Johnson. Exhibit 1 (plaintiff's complaint).

7. Matthew Milner resided with his parents, who lived at 4 Chiswick Road, Greenville, Rhode Island. Exhibit 5 (William Milner depo., pp. 7, 16-17); Exhibit 6 (Accident Report, p. 1 only, with identifying operator information).

8. Matthew Milner was born January 28, 1985. Exhibit 6 (Accident Report, p. 1 only, with identifying operator information).

9. The Standard Fire Insurance Company sent a letter dated April 6, 2007, to the Milners informing them that there was no coverage under their homeowners policy for the claims of the Gushlaws. Exhibit 2.

10. Standard Fire's coverage denial letter of April 6, 2007, cited to the exclusion for bodily injury "arising out of: the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by . . . any insured." Exhibit 2; Exhibit 3.

11. Standard Fire's coverage denial letter of April 6, 2007, cited to the exclusion for bodily injury "arising out of: the entrustment by any insured of a motor vehicle . . . to any person." Exhibit 2; Exhibit 3.

12. Standard Fire's coverage denial letter of April 6, 2007, cited to the exclusion for bodily injury "arising out of: vicarious liability . . . for the actions of a child or minor" using a motor vehicle. Exhibit 2; Exhibit 3.

13. The Gushlaw's second amended complaint alleges that Eldrick Johnson died as a result of an automobile accident on August 13, 2005. That automobile accident involved a motor vehicle that Eldrick Johnson was driving, and a motor vehicle that Matthew Milner was driving. Exhibit 1.

14. The motor vehicle that Matthew Milner was driving was owned by William Milner, and insured with Allstate Insurance Company. Exhibit 1.

15. The exclusion in Standard Fire homeowners policy # 947388690 633 1 for bodily injury "arising out of: the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by . . . any insured" is clear and unambiguous. Exhibit 3.

16. The exclusion in Standard Fire homeowners policy # 947388690 633 1 for bodily injury "arising out of: the entrustment by any insured of a motor vehicle . . . to any person" is clear and unambiguous. Exhibit 3.

17. The exclusion in Standard Fire homeowners policy # 947388690 633 1 for bodily injury "arising out of: vicarious liability . . . for the actions of a child or minor" using a motor vehicle is clear and unambiguous. Exhibit 3.

18. The Gushlaw's claims in their second amended complaint arise out of the ownership or use of an automobile owned by William Milner, who is an insured under Standard Fire homeowners policy # 947388690 633 1. Exhibit 1; Exhibit 3.

19. The Gushlaw's claims in their second amended complaint arise out of the ownership or use of an automobile operated by Matthew Milner, who is an insured under Standard Fire homeowners policy # 947388690 633 1. Exhibit 1; Exhibit 3.

THE STANDARD FIRE INSURANCE COMPANY,
By its attorneys,
MORRISON MAHONEY LLP,

/ s/ Paul Sullivan

Paul V. Sullivan (#5712)
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420
pvsullivan@morrisonmahoney.com

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record, this 15th day of November, 2007.

/ s / Paul Sullivan

Paul V. Sullivan