12. Upon information, at all relevant times herein mentioned, minor Matthew J. Milner operated the subject matter motor in a negligent and careless manner and at a high rate of speed thereby causing his vehicle to collide with Eldrick L. Johnson's motor vehicle.

13. As a direct and proximate result of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately caused his death on August 13, 2005.

14. As a direct and proximate cause of the aforementioned negligence, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, amended.

15. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

16. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

17. As a direct and proximate cause of the aforementioned negligence causing the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson, have suffered and

will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

18. As a direct and proximate result of the negligence of Defendant William J. Milner, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, have suffered and will in the future suffer a loss of society and companionship caused by the death of Eldrick L. Johnson, and they claim damages for compensatory damages, plus interest and costs.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against Defendant William J. Milner for compensatory damages, plus interest and costs.

## COUNT IV

## CLAIM AGAINST ALLSTATE INSURANCE COMPANY

1. The allegations set forth in Paragraphs 1 through 10 of Count I are incorporated by reference herein as if set forth in their entirety.

2. The allegations set forth in Paragraphs 1 through 10 of Count II are incorporated by reference herein as if set forth in their entirety.

3. The allegations set forth in Paragraphs 1 through 13 of Count III are incorporated by reference herein as if set forth in their entirety.

4. As a direct and proximate result of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately caused his death on August 13, 2005.

5. As a direct and proximate cause of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, as amended.

6. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

7. As a direct and proximate cause of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

8. As a direct and proximate cause of the negligence of decedent Matthew J. Milner and Defendant William J. Milner, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson have suffered and will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L.

Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against Defendant Allstate Insurance Company and its agents, servants and employees for compensatory damages, plus interest and costs.

**COUNT V**

**NEGLIGENCE OF JOHN DOE**

1. The allegations set forth in Paragraphs 1 through 10 of Count I are incorporated by reference herein as if set forth in their entirety.

2. The allegations set forth in Paragraphs 1 through 10 of Count II are incorporated by reference herein as if set forth in their entirety.

3. The allegations set forth in Paragraphs 1 through 13 of Count III are incorporated by reference herein as if set forth in their entirety.

4. The allegations set forth in Paragraphs 1 through 4 of Count IV are incorporated by reference herein as if set forth in their entirety.

5. On or about August 13, 2005, Plaintiff's decedent, Eldrick L. Johnson, was operating a motor vehicle he owned in a northerly direction on Route 102 in the Towns of Glocester and Scituate, in the State of Rhode Island.

6. At all relevant times herein mentioned, Route 102 in the Towns of Scituate and Glocester, in the State of Rhode Island was a public road.

7. At all relevant times herein mentioned, Plaintiff's decedent, Eldrick L. Johnson, was in the exercise of due and reasonable care in the operation of his motor vehicle for his own safety and for the safety of others using the public highways.

8. At all relevant times mentioned, and at the aforementioned time and place, Defendant John Doe was operating a motor vehicle on Route 102 in the Towns of Scituate and Glocester, in the State of Rhode Island.

9. At the aforementioned time and place, and at all relevant times herein mentioned, Defendant John Doe owed a duty to all persons using the public highways, including Plaintiff's decedent, Eldrick L. Johnson, to exercise due and reasonable care in the operation of the motor vehicle he was driving.

10. At the aforementioned time and place, and at all relevant times herein mentioned, Defendant John Doe breached the duty owed by operating said motor vehicle in a negligent and careless manner.

11. As a direct and proximate result of the negligence of Defendant John Doe, the vehicle decedent Matthew J. Milner was operating was caused to collide with the motor vehicle operated by Plaintiff's decedent, Eldrick L. Johnson.

12. As a direct and proximate result of the negligence of Defendant John Doe, Plaintiff's decedent, Eldrick L. Johnson, was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to endure extreme conscious pain and suffering and ultimately died on August 13, 2005.

13. As a direct and proximate cause of the negligence of decedent Matthew J. Milner, Plaintiff's decedent, Eldrick L. Johnson, endured extreme conscious pain and

suffering which has caused the Estate of Eldrick L. Johnson to suffer damages as enunciated in R.I. Gen. Laws §10-7-7, as amended.

14. As a direct and proximate cause of the death of Plaintiff's decedent, Eldrick L. Johnson, the legal beneficiaries of Eldrick L. Johnson have suffered pecuniary damages as enunciated in R.I. Gen. Laws §10-7-1.1, as amended.

15. As a direct and proximate cause of the negligence of Defendant John Doe, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff Rebecca L. Gushlaw has suffered and will in the future suffer a loss of affection, love and companionship of her deceased husband, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(a), as amended.

16. As a direct and proximate cause of the negligence of Defendant John Doe, which caused the death of Plaintiff's decedent, Eldrick L. Johnson, Plaintiff's minor children, Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson and Colbey J. Johnson have suffered and will in the future suffer a loss of parental society, affection, love, and companionship of their deceased father, Eldrick L. Johnson, which are damages recoverable pursuant to R.I. Gen. Laws §10-7-1.2(b), as amended.

WHEREFORE, Plaintiff Rebecca L. Gushlaw, individually and as natural parent, next friend and guardian of Jasmine M. Johnson, Preston E. Johnson, Trevor A. Johnson, and Colbey J. Johnson, minors, and Plaintiffs Rebecca L. Gushlaw and Judith Gushlaw, as co-administrators of the Estate of Eldrick L. Johnson, demand judgment against the Defendant John Doe for compensatory damages, plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury and designate Donna M. Di Donato as trial counsel.

REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON, PRESTON E. JOHNSON, TREVOR A. JOHNSON, and COLBEY J. JOHNSON, minors; REBECCA L. GUSHLAW and JUDITH GUSHLAW, as Co-Administrators of the Estate of Eldrick L. Johnson

By their Attorneys

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Tel. (401) 272-1110
Fax (401) 351-6641

D. M. Di Donato

Donna M. Di Donato Bar #3078

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was sent via regular mail, postage prepaid, from the law offices of Decof & Decof, P.C., One Smith Hill, Providence, RI 02903, to **Peter A. Clarkin, Esq.**, McKenney, Quigley, Izzo & Clarkin, 95 Chestnut Street, Sixth Floor, Providence, Rhode Island 02903, on this 2nd day of March, 2007.

D. Saliberto

Gushlaw P044