UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>WILLIAM J. MILNER,<br>REBECCA L. GUSHLAW, Individually and as Natural Parent, Next Friend and Guardian of JASMINE M. JOHNSON, PRESTON E. JOHNSON, TREVOR A. JOHNSON, and COLBEY J. JOHNSON (minors); and REBECCA L. GUSHLAW and JUDITH GUSHLAW, as Co-Administrators of the Estate of ELDRICK L. JOHNSON,<br>Defendants. | CIVIL ACTION NO. 07-126 ML |

**THE STANDARD FIRE INSURANCE COMPANY'S**
**REPLY MEMORANDUM TO DEFENDANTS' SUMMARY JUDGMENT OPPOSITION**

Now comes the plaintiff The Standard Fire Insurance Company in the above-entitled declaratory judgment action and submits this Reply Memorandum pursuant to Local Rule 7(b)(2). Pursuant to that Rule, Standard Fire responds briefly and specifically to the issues that plaintiff has raised.

## I. Plaintiff's Memorandum Cites to No Case Law Pertaining to Insurance Coverage or Interpreting Insurance Policy Language.

The defendant's seventeen page memorandum of law cites to no case law supporting their interpretation of the subject homeowner's insurance policy or any of the applicable policy language. Instead, the defendant cites extensively to the case of Volpe v. Gallagher, 821 A.2d 699 (R.I. 2003). That decision, however, is not an insurance coverage or policy interpretation case, but instead is a case concerned with whether a "duty" exists in certain, very specific circumstances. As the Volpe court explicitly stated and cautioned:



645476v1

> Finally, given the unusual circumstances of this case, we would caution against any hasty extrapolation of the legal principles discussed in this opinion to different factual scenarios. For example, the relevant considerations might be markedly different in landlord-tenant matters, in commercial-property or governmental contexts, in situations not involving guns, and in cases that do not involve this type of severe mental illness (paranoid schizophrenia) -- to name just a few of the factual elements that might warrant a different analysis and outcome.

Volpe, 821 A.2d at 718.[1] The Volpe case's application to other cases is extremely limited per the court's own language, and it clearly does not apply to the interpretation of unambiguous insurance policy provisions as is present in this declaratory judgment action.

## II. The issue of "preceding negligence" (defendant's memorandum p. 8) has been addressed previously by this court in the case of Peerless v. Annie's, Inc.

The defendant alleges that "the negligent act preceding Matthew Milner's negligent operation of his father's motor vehicle was his father's negligence in making available not only the car, but as well, the keys to that vehicle," and even before that negligent act, Mr. Milner was negligent in supervising his son "thereby allowing and/or permitting" his son to operate the subject motor vehicle. Gushlaws' Memorandum of Law (Document #15, p.8). In deciding a summary judgment motion in a declaratory judgment action, this court addressed and discarded similar arguments, stating, in pertinent part:

> [Intervenor] Rivera recharacterizes the accident as one arising not out of the use or entrustment of an automobile but out of preceding negligence on Annie's part. It is essentially Rivera's position that Annie's selection, training and supervision of Gagnon, a driver allegedly underqualified to operate a large commercial vehicle in busy city traffic, constitutes independent concurrent negligence which, he submits, is covered by Peerless' comprehensive business liability policy.

(Exhibit 7, Peerless Insurance Company v. Annie's, Inc., Memorandum and Order, pp. 6-7, USDC 95-0314 (Lisi J.) (February 2, 1998)). The court stated that this argument failed because, "[U]nless it

[1] The Volpe court further cautioned that the homeowner/defendant's "argument might have more force if Gallagher had taken his shotgun from the basement, hopped into an automobile, then used the gun to rob a bank five miles away, killing a guard while doing so." Volpe, 821 A.2d at 713. Here, the alleged incident and Johnson's death occurred away from Milner's premises, making the Volpe case even more inapplicable.

can be said that Annie's negligence might have caused the injury absent negligence in the use of the step-van, the causes are not independent . . . Thus, whatever may be the negligence attributable to Annie's, Rivera's injuries must nevertheless be construed to have arisen out of the use of an automobile." Id. at p. 7 (emphasis in original). The court further observed that, "Although Rivera is careful not to label it as such, the only sensible reading of Rivera's complaint is a claim for negligent entrustment," and "because Rivera's injuries flow inexorably from Annie's entrustment to Gagnon of the step-van, they are not covered under the Peerless policy." Id. at pp. 7-8. Similarly, the only sensible reading of the Gushlaws' underlying complaint is for a claim of negligent entrustment and/or a claim of bodily injury arising out of the ownership of a motor vehicle owned by an insured (William Milner), both of which the Standard Fire homeowner's policy clearly excludes from coverage. (Exhibit 3, Section II – Exclusion, 1.f. (1), (2), & (3)).

**III. It is factually inaccurate to state William Milner was aware of Matthew Milner's alleged suspended license.**

The Gushlaws' allege that William Milner was aware that his son, Matthew Milner's license was suspended as of August 2005. This is incorrect. William Milner testified at his deposition that Matthew Milner's license was suspended in 2002, and as far as he knew, Matthew's license was suspended possibly up to three months, then reinstated. (Exhibit 8, Milner depo. p. 25). William Milner further testified, in pertinent part:

Q. At the time of this accident, which was August of last year, was his license suspended, do you know?
A. On August 2003? I mean on August –
Q. August 2005.
A. – 2005? No, his license wasn't suspended. As far as I know, it was not suspended.
Q. He hadn't told you of any other suspensions, as far as you know?
A. No, and I don't think there was.

(Exhibit 8, Milner depo. p. 26).

Wherefore, The Standard Fire Insurance Company requests that this court to grant its summary judgment motion.

THE STANDARD FIRE INSURANCE COMPANY,
By its attorneys,
MORRISON MAHONEY LLP,

/ s/ Paul Sullivan

______________________________

Paul V. Sullivan (#5712)
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420
pvsullivan@morrisonmahoney.com

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record, this 5th day of December, 2007.

/ s / Paul Sullivan

______________________________

Paul V. Sullivan