EXHIBIT 7
Peerless v. Annie's Inc. (2/23/1998)
Memorandum & Order (Lisi, J.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PEERLESS INSURANCE COMPANY,
Plaintiff,

v.

ANNIE'S, INCORPORATED, a/k/a, d/b/a,
ANNIE'S PROFESSIONAL DRY CLEANING;
GARY KRYSTA AND ANN KRYSTA,
Defendants,

CA 95-0314ML

v.

DAVID RIVERA,
Intervenor.

MEMORANDUM AND ORDER

This is a declaratory judgment action in which an insurer, Peerless Insurance Company ("Peerless"), seeks a judicial determination that it is not obligated to defend or indemnify Annie's, Inc. ("Annie's") under a comprehensive business liability policy. The essential background of this dispute is as follows.

A. Facts and Procedural History

Annie's is a dry cleaning business which is owned and operated by codefendants Gary and Ann Krysta. On June 29, 1994, Derrick Gagnon, an Annie's employee, was involved in a motor vehicle collision in which David Rivera and others sustained serious injuries. Gagnon was driving a Chevrolet step-van at the time which, although owned in title by Gary Krysta, was



115

routinely "loaned" by him to Annie's for the purpose of making Annie's dry cleaning pick-ups and deliveries. As a result of the accident, Rivera sued Gagnon, the Krystas, and Annie's for compensation for his injuries.

At the time of the accident, Annie's was insured by Peerless Insurance Company under a "Business Protector Policy." This policy provided comprehensive business liability coverage subject to a number of material limitations. Most notably in this case, the policy excluded coverage for:

> "bodily injury" or "property damage arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured . . . .

Upon receipt of Rivera's complaint, Annie's demanded that Peerless defend and indemnify it under the terms of its policy. Peerless subsequently filed this action.

Peerless' complaint sets forth two counts. Count I avers misrepresentation in the inducement of the insurance contract. Count II avers that Gagnon's accident is not covered by the terms of the policy or any part or endorsement thereof. Peerless demanded therein that this court enter judgment to this effect.

Initially, Annie's defended this action.[1] On July 22, 1996, however, Annie's filed a suggestion of bankruptcy which automatically stayed these proceedings. See 11 U.S.C. § 362(a)(1). By order dated May 8, 1997, this court lifted the stay, see Peerless Ins. Co. v. Rivera,

---

[1]In May 1996, Annie's and Peerless filed cross-motions for summary judgment on the issue of coverage under a "non-owned auto" endorsement to the policy which Annie's specially procured. The court denied both motions and scheduled a jury trial to resolve the factual issues relating to the misrepresentation count and on the question of whether the step-van had been borrowed by Annie's for purposes of triggering the "non-owned auto" coverage provided by the endorsement.

208 B.R. 313 (D.R.I. 1997) (Torres, J.), and the Peerless complaint proceeded to trial with Rivera defending Annie's position pursuant to Fed. R. Civ. P. 24(b).

Shortly before trial, Rivera advanced a theory of coverage which had not theretofore been raised by Annie's, e.g., that Peerless was obligated to defend and indemnify Annie's under the general liability portion of the policy. Rivera's claim was founded upon an averment in his underlying tort complaint wherein he alleged that Annie's had been negligent in its selection, training, and supervision of Gagnon. To this contention, Peerless countered that even if Annie's alleged negligent selection, training, and supervision were all found to be proximate causes of Rivera's injuries, such negligence would nevertheless be excluded from coverage by virtue of the automobile exclusion.

In conference, Rivera suggested that because this issue was not the subject of the parties' pretrial motions, it was not properly before the court. Pointing to the general language of its prayer for relief, however, Peerless rejoined that Rivera's allegation of coverage was indeed within the ambit of this action; and the court agreed. However, because the issue pertained solely to interpretation of the policy and was suitable for determination by summary judgment, the court advised the parties of its intention to rule upon this issue as a matter of law and permitted them the opportunity to present their arguments by written memoranda. See Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996) (trial court may eliminate nontrialworthy claims by summary judgment upon notice to targeted party and opportunity to present essential elements of defense). It is this motion which is now before the court.[2]

---

[2]For two days beginning on September 4, 1997, the factual issues whether there was misrepresentation in the inducement of the insurance contract and whether Gagnon, as opposed

B. Summary Judgment Standard

As a trial in this matter has already been held, this motion reaches the court in a somewhat peculiar posture. Of course, absent a more stringent deadline set by local rule or court order, a motion for summary judgment may be made "at any time after . . . 20 days from the commencement of the action. . . ." Fed. R. Civ. P. 56(a); see also Fed. R. Civ. P. 83. In this case, the deadline set by the court for filing pretrial motions had long since passed. However, because the court determined that judicial efficiency would be best served, it permitted Peerless to file the instant motion subsequent to the jury's verdict on Count I.

Turning now to the familiar standard governing motions for summary judgment, the court looks to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits" to see if there are genuine issues of material fact which preclude entry of judgment as a matter of law. Fed. R. Civ. P. 56(c). It finds none.[3] Instead, the sole issue

---

to Annie's, had "borrowed" the step-van directly from Krysta were tried to a jury. At the close of defendant's case, presented by Rivera, Peerless moved for judgment as a matter of law. The court granted this motion, finding as a matter of law that Annie's had borrowed the step-van from Gary Krysta and that the endorsement expressly excluded coverage for a vehicle borrowed by the insured. On the remaining count, the jury returned a verdict for defendant, indicating the absence of a material misrepresentation in the procurement of the contract.

[3]Although Rivera points to Annie's negligence vel non in its selection, training, and supervision of Gagnon, and the "reasonable expectation" of Annie's at the time it procured the insurance coverage, neither of these issues is sufficient to avoid "the swing of the summary judgment axe." Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989).

First, it is of no consequence in this action whether Annie's is actually liable to Rivera. Annie's actual liability, if any, will be decided in the underlying tort action. This court's only concern is whether such negligence is covered under the policy, assuming such liability exists. Likewise, Rivera's assertion that a jury must decide the "reasonable expectation of the insured" fails to carry the day because such expectation is only material in the face of ambiguous contract terms. As will be seen, the policy exclusion in issue here is clear and unambiguous and does not warrant any inquiry into Annie's expectation thereof. Accordingly, there is no genuine issue as

remaining involves the interpretation of the insurance policy, a question purely of law. Thus, the court finds that this dispute is one that may be resolved under Rule 56. See St. Paul Fire and Marine Ins. Co. v. Warwick Dyeing Corp., 26 F.3d 1195, 1199 (1st Cir. 1994); Anglo American Ins. Co. v. Shooters at India Point, Inc., 959 F. Supp. 115, 116-17 (D.R.I. 1997).

C. Discussion

The crux of Peerless' argument is that the negligence averred by Rivera arose out of the use or entrustment of an automobile—precisely the type of liability which Annie's and Peerless agreed would not be covered under the policy. Rivera, on the other hand, asserts that Annie's negligence in selecting, training, and supervising Gagnon was independent of and concurrent with Gagnon's negligence. It is therefore his contention that Annie's negligence falls within the general policy coverage, notwithstanding the automobile exclusion.

The rules governing the construction of insurance contracts are well-settled under Rhode Island law. The critical focus is upon the intent of the parties. See Johnson v. Western Nat'l Life Ins. Co., 641 A.2d 47, 48 (R.I. 1994). To ascertain the parties' intent, courts first examine the contract in its entirety. If a contract term is reasonably susceptible to more than one interpretation, then the ambiguity must be construed strictly against the insurer, the party typically drafting the insurance policy. See Campbell v. Norfolk & Dedham Mut. Fire Ins. Co., 682 A.2d 933, 935 (R.I. 1996); Mallane v. Holyoke Mut. Fire Ins. Co. in Salem, 658 A.2d 18, 20 (R.I. 1995). If, however, the terms are clear and unambiguous, the task of judicial construction is

---

to a material fact to preclude entry of judgment as a matter of law.

then at an end: The language of the policy must be given its plain, ordinary, and usual meaning and the contract terms must be applied as written. See Providence Journal Co. v. Travelers Indem. Co., 938 F. Supp. 1066, 1073 (D.R.I. 1996); Amica Mut. Ins. Co. v. Streicker, 583 A.2d 550, 551 (R.I. 1990); Sentry Ins. Co. v. Grenga, 556 A.2d 998, 999 (R.I. 1989); Malo v. Aetna Cas. and Sur. Co., 459 A.2d 954, 956 (R.I. 1983).

Rivera's first attack on the policy is that the phrase "arising out of" is ambiguous and must be construed in favor of insurance coverage. The court simply cannot agree. While the term "arising out of" may be an expression which eludes precise definition, it is not one which an objectively reasonable person does not understand. In the most general terms, the expression "arising out of" connotes a causal connection between one thing and another, here, a potential risk and a potential harm. See Hingham Mut. Fire Ins. Co. v. Heroux, 549 A.2d 265, 266-67 (R.I. 1988) (horse and motor vehicle collision did not "arise out of" stabling premises). Reading the insurance policy in this case in its entirety, it is clear that the parties identified a class of potential risks which would not be covered, and both the use and entrustment of an automobile were plainly among them. This court may not now engage in "mental gymnastics" to find an ambiguity where there is none, so as to construe coverage where none exists. Mallane, 658 A.2d at 20; see also McGowan v. Connecticut Gen. Life Ins. Co., 289 A.2d 428, 429 (R.I. 1972).

Rivera's second stance is hardly on more solid footing. As a fallback to his ambiguity argument, Rivera recharacterizes the accident as one arising not out of the use or entrustment of an automobile but out of preceding negligence on Annie's part. It is essentially Rivera's position that Annie's selection, training and supervision of Gagnon, a driver allegedly underqualified to operate a large commercial vehicle in busy city traffic, constitutes independent,

concurrent negligence which, he submits, is covered by Peerless' comprehensive business liability policy. This argument fails for two principal reasons.

First, Annie's negligence cannot be said to be independent of Gagnon's. As the First Circuit explained in Reyes-Lopez v. Misener Marine Constr. Co., 854 F.2d 529 (1st Cir. 1988), "[c]auses are independent only if each could have produced the loss alone." Id. at 534 n.21 (applying Puerto Rico law). Indeed, it may be the case that Rivera's injuries could have been avoided through a greater exercise of care in selecting, training, and supervising Gagnon. However, unless it can be said that Annie's negligence might have caused the injury absent negligence in the use of the step-van, the causes are not independent. The line of cases to which Rivera refers the court provide illustrative examples of this point. See, e.g., Pennsylvania General Insurance Co. v. Cengla, 381 N.W.2d 901, 902 (Minn. Ct. App. 1986) (insured covered for improperly tying wire roll to payload of truck); Gonzales v. St. Paul Mercury Ins. Co., 131 Cal. Rptr. 626, 629 (Cal. App. Ct. 1976) (insured covered for negligently repairing brakes); Scottsdale Ins. Co. v. Van Nguyen, 763 P.2d 540, 543 (Ariz. 1988) (insured covered for improperly securing house in tow). Thus, whatever may be the negligence attributable to Annie's, Rivera's injuries must nevertheless be construed to have arisen out of the use of an automobile.

By the same token, Rivera's injuries also arose out of the entrustment of the step-van. Although Rivera is careful not to label it as such, the only sensible reading of Rivera's complaint is as a claim for negligent entrustment. This court has observed before that Rhode Island follows the common law rule that an individual may be held liable for entrusting a vehicle to "an incompetent, reckless, or unfit driver . . . [if that person] knew or should have known of the

driver's incompetence, inexperience or recklessness." Sabourin v. LBC, Inc., 731 F. Supp. 1145, 1148 (D.R.I. 1990); see also Favorito v. Pannell, 27 F.3d 716, 720 n.4 (1st Cir. 1994) (applying Rhode Island law) (citing Restatement (Second) of Torts §§ 308, 390 (1965)). The gravamen of Rivera's claim here is exactly this, and again, because Rivera's injuries flow inexorably from Annie's entrustment to Gagnon of the step-van, they are not covered under the Peerless policy. A contrary construction of the term "entrustment" would negate its value as a material exclusion in the policy. See Anglo American Ins. Co. v. Shooters, 959 F. Supp. at 117 (interpretations of contracts which render meaningless material provisions are disfavored by Rhode Island law) (citing Psaty & Fuhrman, Inc. v. Housing Auth. of Providence, 68 A.2d 32, 35 (R.I. 1949)).

The court does not overlook the cases propounded by Rivera. See, e.g., Upland Mutual, Inc. v. Noel, 519 P.2d 737 (Kan. 1974); McDonald v. Home Ins. Co., 235 A.2d 480 (N.J. Super. Ct. App. Div. 1967); Cone v. Nationwide Mut. Fire Ins. Co., 551 N.E.2d 92 (N.Y. 1989) (per curiam). Although these cases all found that entrustment claims were covered under general liability policies notwithstanding similar automobile exclusions, none of the automobile exclusions in these cases specifically contained an exclusion of injuries arising out of the "entrustment" of an automobile.[4] In another case relied on by Rivera, United Fire and Cas. Co. v. Day, 657 P.2d 981 (Colo. Ct. App. 1982), the court found that the expression "arising out of"

---

[4]The court is also cognizant that these three cases represent the extreme minority of courts to hold that negligent entrustment claims do not arise out of the use of an automobile. See Standard Mut. Ins. Co. v. Bailey, 868 F.2d 893, 898 & n.6 (7th Cir. 1989) ("Of the thirty-one jurisdictions that have considered the question, twenty-eight in number have held the policy exclusion at issue applicable to claims of negligent entrustment."); Scarfi v. Aetna Cas. & Sur. Co., 559 A.2d 459, 463-64 (N.J. Super. Ct. App. Div. 1989) (collecting cases and disagreeing with McDonald); Pedersen v. Republic Ins. Co., 532 A.2d 183, 186 n.2 (Md. Ct. Spec. App. 1987) (collecting cases).

was ambiguous and construed it so as to create coverage of an entrustment claim. See id. at 984. This court is not persuaded by Day however, largely for the same reasons as those stated by the Colorado Supreme Court in expressly overruling it. See Northern Insurance Co. of New York v. Ekstrom, 784 P.2d 320, 324-25 (Colo. 1989) (en banc) (overruling Day and holding that nearly identically worded automobile exclusion "is not ambiguous in the context of a claim for negligent entrustment . . . and excludes such a claim from coverage."). To the extent that Day might apply in this context, the court believes Ekstrom states the better reasoned rule.

In short, no matter how imaginative Rivera may be in describing the events giving rise to his injuries, the conclusion is inescapable that his injuries arose out of the "use" and "entrustment" of an automobile. This court is duty-bound to apply unambiguous policy provisions as written. Therefore, it must necessarily find that Rivera's injuries are not covered by the Peerless policy.

Finally, the court declines Rivera's invitation to certify the questions presented to the Rhode Island Supreme Court pursuant to Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure. The course the state's highest court would take in this case is "reasonably clear," Nieves v. University of Puerto Rico, 7 F.3d 270, 275 (1st Cir. 1993), and the court does not believe that certification is warranted.

D. Conclusion

Plaintiff's Motion for Summary Judgment is hereby granted. For the foregoing reasons and for those articulated by the court in the trial of this matter on September 5, 1997, the clerk shall enter judgment in favor of Peerless Insurance Company, following the resolution of the pending third party complaint.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
United States District Judge

February 2, 1998